ROB BONTA
Attorney General of California
DAVID ZAFT
Supervising Deputy Attorney General
KEITH G. BAUERLE (SBN 214564)
KATE M. HAMMOND (SBN 293433)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6531
Fax: (916) 731-2128
E-mail: Kate.Hammond@doj.ca.gov

*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control*
*and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CONOCOPHILLIPS COMPANY, CALISTOGA HOLDINGS, LLC, and HOMESTAKE MINING COMPANY OF CALIFORNIA,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF** |

Plaintiffs, the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account ("TSCA" and collectively with DTSC referred to herein as "Plaintiffs"), allege as follows:

**STATEMENT OF THE CASE**

1. Plaintiffs bring this civil action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above, and/or from the Benson Ridge landfill ("Benson Ridge"), a closed hazardous waste treatment and disposal landfill located in Lake County, California.

2. Plaintiffs also seek a declaratory judgment, under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future, as result of any release or threatened release of a hazardous substance at, beneath, above, and/or from Benson Ridge.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances at issue in the Complaint occurred in this judicial district.

**DIVISIONAL ASSIGNMENT**

5. This civil action arose in Lake County and assignment is proper in the Eureka Division of this Court pursuant to Civil L.R. 3-2(f).

**PLAINTIFFS**

6. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC has the authority to protect California's people and environment from the harmful effects of toxic substances

by restoring contaminated resources, enforcing hazardous waste laws, reducing hazardous waste generation, and encouraging the manufacture of chemically safer products. *See, e.g.*, Cal. Health & Safety Code §§ 25100–25259, 25300–25359.45, and 58009–58010. DTSC has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance and to respond to releases and/or threatened releases of a hazardous substance.

7. TSCA is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes TSCA and authorizes the Director of DTSC to administer it. Under California Health and Safety Code section 79700, TSCA shall be a party in any action for the recovery of response costs or expenditures that were incurred by DTSC from TSCA.

## DEFENDANTS

8. Defendant CONOCOPHILLIPS COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CONOCOPHILLIPS COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.

9. Defendant CALISTOGA HOLDINGS, LLC is a Delaware limited liability company and the former General Partner of Calistoga Geothermal Partners, LP, successor-in-interest to Santa Fe Geothermal, Inc. DTSC is informed and believes, and based on such information and belief alleges, that Santa Fe Geothermal, Inc. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.

10. Defendant HOMESTAKE MINING COMPANY OF CALIFORNIA is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that HOMESTAKE MINING COMPANY OF CALIFORNIA arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment

of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Benson Ridge.

**GENERAL ALLEGATIONS**

**Benson Ridge**

11. Benson Ridge is a closed hazardous waste treatment and disposal landfill approximately 150 acres in size located in a narrow valley at 7620 Highway 29, Kelseyville, Lake County, California 95451. The area surrounding Benson Ridge largely consists of brush-covered rangeland. Property within one half to one mile southwest of Benson Ridge is used for residential, agricultural, and business purposes.

12. Benson Ridge is identified by Assessor's Parcel numbers 7-018-13 (5.09 acres), 7-029-6 (80.00 acres), 7-030-21 (19.25 acres), and 9-022-01 (46.04 acres). The waste management area of Benson Ridge encompassed approximately 25 acres of the 150-acre property, of which approximately 9 acres were utilized for actual disposal operations.

13. From at least 1979 to 1984, IT Corporation owned and operated Benson Ridge and treated, stored, and disposed of hazardous wastes.

14. Wastes disposed of at Benson Ridge included, without limitation, drilling muds, geothermal condensates and brines, petroleum fractions, geothermal power plant wastes from hydrogen sulfide abatement/removal equipment, and geothermal power plant solid wastes from maintenance operations.

15. As a result of the operations at Benson Ridge, there have been releases and threatened releases of hazardous substances from Benson Ridge. Hazardous substances detected in the groundwater at Benson Ridge include, but are not limited to, arsenic, chromium, mercury, manganese, nickel, sodium, and zinc.

16. DTSC has taken actions in response to releases and threatened releases of hazardous substances from Benson Ridge, including, without limitation, actions to monitor, assess, evaluate, and/or respond to the release and/or threat of release of hazardous substances from Benson Ridge.

17. In 2002, IT Corporation filed for bankruptcy protection and, on May 1, 2004, the IT Environmental Liquidating Trust ("ITELT") was established to oversee the long-term postclosure operation, maintenance, and upkeep of Benson Ridge as part of the conclusion of the bankruptcy proceedings. ITELT also became the owner and operator of Benson Ridge.

**Closure and Postclosure at Benson Ridge**

18. After Benson Ridge ceased accepting hazardous substances for treatment, storage, and disposal, IT Corporation undertook formal closure activities. On March 24, 1993, DTSC accepted closure certification for Benson Ridge. Benson Ridge transitioned to postclosure status pursuant to a postclosure permit approved by DTSC on December 31, 1997. *See* Cal. Health & Saf. Code §§ 25245–25248. The postclosure permit was renewed on June 10, 2008.

19. The on-going, postclosure operations required at Benson Ridge include, but are not limited to, onsite recovery and management of groundwater contaminated by past waste management activities, evaporation of the recovered groundwater in an onsite evaporation basin, long-term groundwater monitoring, routine inspections, maintenance and compliance activities, and water quality sampling and reporting.

20. These postclosure operations are necessary because the releases and threatened releases of hazardous substances from Benson Ridge have resulted in serious impacts to the environment (e.g., air, soil, soil vapor, surface water, and groundwater) and have resulted, or threaten to result, in exposure (e.g., inhalation, dermal absorption, and ingestion) to human and ecological receptors on and off Benson Ridge.

21. ITELT must obtain and maintain sufficient financial assurance for the required postclosure operations at Benson Ridge. *See* Cal. Health & Saf. Code § 25245, subd. (a)(2); Cal. Code Regs., tit. 22, § 66264.145, subd. (e)(3).

22. On February 29, 2016, DTSC determined that ITELT had failed to demonstrate adequate financial assurance for Benson Ridge and was in violation of financial assurance requirements.

23. On April 5, 2016, ITELT sent DTSC a letter, informing DTSC, that it had "no additional financial assets, or mechanisms in place, to meet the financial assurance obligations" required by California law.

24. In correspondence dated July 28, 2016, DTSC notified ITELT that the shortfall in financial assurance for postclosure activities at Benson Ridge was $4,428,324.

25. On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (Docket Number: HSA-FY16/17-052) under the authority of Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009 and 58010 ("ISE Order"). The ISE Order named ITELT and several parties that had disposed of hazardous substances at Benson Ridge as respondents and directed them to perform certain work to address the releases and threatened releases.

26. On September 24, 2021, Plaintiffs filed an action against certain of the parties named in the Amended ISE Order and other parties who had disposed of hazardous substances at Benson Ridge in the United States District Court for the Northern District of California for recovery of past response costs and declaratory relief under CERCLA. (*Cal. Dep't. of Toxic Substances Control, et al. v. Pacific Gas and Electric Comp., et al.*, Case No. 4:21-cv-07450.) Concurrent with filing the complaint, Plaintiffs lodged a consent decree to resolve the issues in that complaint (the "First Consent Decree").

27. The Honorable Haywood S. Gilliam, Jr. entered the First Consent Decree on January 29, 2024. The First Consent Decree resolved the alleged liability of the defendants in that action with respect to the ISE Order and established a Qualified Settlement Fund ("QSF"). Pursuant to a QSF Agreement created in accordance with the First Consent Decree, the QSF holds funds to be used for long-term postclosure costs and corrective action at Benson Ridge, under the oversight of DTSC. The First Consent Decree also contemplates cost recovery efforts against other parties who disposed of hazardous substances at Benson Ridge. With this Complaint, Plaintiffs now seek to recover unreimbursed response costs and declaratory relief for future response costs from certain of those other parties.

**FIRST CLAIM FOR RELIEF**

**(Cost Recovery Claim Against All Defendants Pursuant to Section 107(a) of CERCLA)**

28. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 27 above, as though fully set forth herein.

29. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides in relevant part that any person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at a facility from which there has been a release or a threatened release of a hazardous substance which causes the incurrence of response costs, shall be liable for all costs of removal or remedial action incurred by a State not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan"), 40 C.F.R. Part 300.

30. Benson Ridge, and the horizontal and vertical extent of the hazardous substance contamination caused by releases of hazardous substances from Benson Ridge, including, without limitation, any area where any hazardous substance from Benson Ridge has come to be located, is a "facility" within the meaning of sections 101(9)(A) and 101(9)(B) of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

31. Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Each Defendant arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at Benson Ridge.

32. There has been a "release" or threatened release of hazardous substances from Benson Ridge into the "environment," within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22). These hazardous substances, as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14), include without limitation, arsenic, chromium, mercury, manganese, nickel, sodium, and zinc.

33. DTSC, in its capacity as an agency of the State of California, is considered a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

34. Plaintiffs have incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous substances at and from Benson Ridge, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs include, without limitation, costs to monitor, assess, evaluate and/or respond to the release and/or threatened release of hazardous substances at Benson Ridge, and/or oversight of same, as defined in Sections 101(23), (24), and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24), and (25). Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur such costs in the future, including without limitation, by overseeing the postclosure activities required at Benson Ridge.

35. Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs resulting from the release or threat of release of hazardous substances from Benson Ridge.

36. Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiffs' response costs.

## SECOND CLAIM FOR RELIEF

### (Claim for Declaratory Relief Against All Defendants Pursuant to section 113(g)(2) of CERCLA)

37. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 36 above, as though fully set forth herein.

38. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for any response costs Plaintiffs have incurred and for any further response costs Plaintiffs incur in the future resulting from the releases and/or threatened releases from Benson Ridge.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1. For a judgment that each of the Defendants is jointly and severally liable to Plaintiffs, without regard to fault, for all costs of response, removal and remedial actions,

including without limitation oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from Benson Ridge;

2. For a declaration that each of the Defendants is jointly and severally liable to Plaintiffs, without regard to fault, for all future costs, including without limitation oversight costs, incurred by Plaintiffs as a result of any release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from Benson Ridge;

3. For Plaintiffs' costs of suit;

4. For Plaintiffs' attorneys' fees;

5. For prejudgment interest; and

6. For such other and further relief as the court deems just and proper.

Dated: September 3, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAVID ZAFT
Supervising Deputy Attorney General

*/s/ Kate M. Hammond*

KATE M. HAMMOND
KEITH G. BAUERLE
Deputy Attorneys General
*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control and the Toxic Substances Control Account*

OK2004103195